S98Y1597. IN THE MATTER OF MARGIE A. UTLEY.
(507 SE2d 727)

Per Curiam.

Respondent Margie A. Utley, a member of the Georgia Bar since 1973, was disbarred in the District of Columbia on July 31, 1997.[1] Because we agree with the District of Columbia Court of Appeals that Utley's misconduct amounted to deliberate misappropriation of estate funds, and because Utley's misconduct, if committed in Georgia, would violate numerous professional standards warranting disbarment, we order her disbarred from the practice of law in this state.

Utley is in default, pursuant to Bar Rule 4-208.1 (b), for failure to file a timely rejection after being personally served with the Investigative Panel's Notice of Discipline seeking disbarment. The underlying infractions involved protracted mishandling and misappropriation of estate funds in the District of Columbia. The Investigative Panel proceeded under Standard 67 of Bar Rule 4-102 (d) (disbarment or suspension by another state is a ground for disbarment or suspension in Georgia). The Investigative Panel found, based on the opinion and order of the District of Columbia Court of Appeals disbarring Utley, that Utley engaged in conduct which, if committed in Georgia, violated numerous professional standards, all warranting disbarment.[2]

The opinion of the District of Columbia Court of Appeals disbarring Utley shows that during a six-year period in which Utley acted as conservator of an estate, she repeatedly took fees and commissions for herself from the estate before obtaining required court approval and waited twenty-one months to repay a mistakenly duplicated fee despite notification from an auditor and repeated court requests. The

---

[1] In the Matter of Utley, 698 A2d 446 (D. C. App. 1997).

[2] The Investigative Panel charged that Utley's infractions if committed in Georgia would violate Standards 3 (engaging in illegal professional conduct involving moral turpitude); 4 (engaging in conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 45 (making false statements); 61 (failing to notify client of receipt of client funds and failing to promptly deliver those funds); 63 (failing to maintain complete records and render appropriate accounts of client funds); and 65 (commingling personal and client funds) of Bar Rule 4-102 (d).

District of Columbia Court of Appeals found Utley's conduct amounted to deliberate misappropriation of estate funds.[3]

We agree with the Investigative Panel that Utley's misconduct, if committed in this state, would mandate disbarment.[4] We also note there are substantial aggravating factors warranting the imposition of a severe sanction.[5] Accordingly, Utley is disbarred from the practice of law in the State of Georgia. We remind Utley of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 26, 1998.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[3] The Court concluded that Utley's misconduct was deliberate, resulting from more than simple negligence. As the District of Columbia Court of Appeals' precedent requires disbarment for misappropriation unless it appears the misconduct resulted from nothing more than simple negligence, the Court disbarred Utley.

[4] See, e.g., *In the Matter of Prince*, 268 Ga. 880 (494 SE2d 337) (1998); *In the Matter of Royal*, 262 Ga. 717 (425 SE2d 650) (1993). See also ABA Standards for Imposing Lawyer Discipline (1991), Standard 4.11 (disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client).

[5] ABA Standard 9.22 (c) a pattern of misconduct; (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency; (g) refusal to acknowledge wrongful nature of conduct.